THE WEIR LAW FIRM, LLC
Bonnie M. Weir, Esq.
1170 U.S. Highway 22 East, Suite 205
Bridgewater, New Jersey 08807
908-575-0185
908-575-0187 - fax
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAYER TECHNOLOGIES, S.L., | Civil Action No. |
| Plaintiff, | |
| - v - | **COMPLAINT** |
| VISCOFAN COLLAGEN USA INC., f/k/a NITTA CASTINGS INC., | |
| Defendant. | |

Plaintiff, Sayer Technologies, S.L. ("Sayer"), by and through its counsel, The Weir Law Firm, LLC, by way of Complaint against Defendant, Viscofan Collagen USA Inc., f/k/a Nitta Castings Inc. ("Viscofan") alleges as follows:

**NATURE OF THE ACTION**

1. This action is for breach of contract, unjust enrichment and theft of services for products provided by Sayer to Viscofan for which Viscofan failed and refused to pay.

**PARTIES, VENUE AND JURISDICTION**

2. Plaintiff, Sayer, is a corporation duly organized and existing under the laws of Spain with a principal place of business at Poligono Ipertegui II, Nave 33-35, 31160 Orcoyen (Navarra) - Spain.

3. Defendant, Viscofan, is a corporation with a principal place of business at 141 Southside Avenue, Bridgewater, New Jersey 08807.

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332 as it involves diversity of citizenship and the amount at issue exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. §1391 since Defendant, Viscofan is located in New Jersey and is the entity which harmed Sayer.

## RELEVANT FACTS

6. Sayer is a company dedicated to the manufacture of special and bespoke machinery as well as the automation of industrial processes.

7. Nitta Castings was a company engaged in the production of collagen for the food industry.

8. Upon information and belief, in the latter part of 2019, Viscofan acquired Nitta Castings.

9. On or about June 25, 2015, Sayer and Nitta Castings entered into a Technology and Trade Cooperation Agreement to establish a trading partnership for the implementation and application of industrial technological solutions by Sayer for the manufacture of Nitta.

10. Pursuant to a Contract Agreement dated August 28, 2015, Sayer agreed to sell and Nitta Castings agreed to purchase a Sayer-Collagen Line Machine.

11. Sayer provided the machine for which Nitta Castings paid.

12. While Nitta Castings subsequently raised issues with respect to the operation of the machine, that action was properly resolved in Spain.

13. Thereafter, and unrelated to the machine purchased in 2015, Nitta Castings ordered conveyor belts from Sayer for daily operational use for its' facility.

14. There were nine (9) orders by Nitta Castings as follows:

    (1) Invoice 190032 dated April 25, 2019 in the amount of $31,222.00

    (2) Invoice 190041 dated May 22, 2019 in the amount of $1,923.00

    (3) Invoice 190049 dated June 11, 2019 in the amount of $13,934.87

    (4) Invoice 190053 dated June 18, 2019 in the amount of $20,453.49

    (5) Invoice 190091 dated September 27, 2019 in the amount of $10,597.65

    (6) Invoice 190092 dated September 27, 2019 in the amount of $909.89

    (7) Invoice 190097 dated October 9, 2019 in the amount of $26,401.79

    (8) Invoice 190099 dated October 15, 2019 in the amount of $23,501.68

    (9) Invoice 190118 dated November 26, 2019 in the amount of $8,364.74

15. Sayer provided Nitta Castings materials and equipment pursuant to the above invoices in the total amount of $137,309.11

16. Sayer sent requests to Nitta Castings for payment.

17. On or about December 19, 2019, Nitta Castings advised that payment would be sent. At that time, Nitta Castings also advised Sayer that it was purchased by Viscofan.

18. When payment was still not received, Sayer made additional requests for payment.

19. On December 27, 2019, Sayer's contact at Nitta Castings advised that Viscofan placed a hold on payments until it reviewed everything.

20. Viscofan refused to pay the invoices alleging that the Sayer-Collagen Line Machine was not working properly and was underperforming.

21. A lawsuit was filed in Spain with respect to the Line Machine which was determined in Sayer's favor.

22. With respect to the open invoices for the conveyor belts, an action was similarly

commenced in Spain but the Court determined that the conveyor belts were not part of the original Contract over which the Court had jurisdiction and further stated that same must be brought in the United States.

23. Despite Sayer's requests for payment, Viscofan continues to fail and refuse to make the payment.

## COUNT I

24. Sayer repeats and realleges the allegations set forth in paragraphs "1" through "23" as if fully set forth at length herein.

25. At the request of Viscofan, Sayer manufactured and produced conveyor belts.

26. Despite providing the services and materials requested by Viscofan, it failed to pay for same.

27. As a result of Viscofan's refusal to pay for services and materials, Sayer has been harmed.

**WHEREFORE**, Plaintiff, Sayer Technologies S.L., respectfully demands judgment for compensatory damages together with such other and further relief as deemed just and proper including attorney's fees and costs of suit.

## COUNT II

28. Sayer repeats and realleges the allegations set forth in paragraphs "1" through "27" as if fully set forth at length herein.

29. Sayer's claims against Viscofan are founded upon Nitta Castings' deceptive, constructive, and actual, promises for payment, both prior to and upon completion of Sayer's services at the request of Nitta Castings.

30. The fair and reasonable value of the material and services is set forth in the invoices issued.

31. By retaining the material and services provided by Sayer without payment for same, Viscofan wrongfully retained material and services for theft of same.

**WHEREFORE**, Plaintiff, Sayer Technologies S.L., respectfully demands judgment for compensatory damages together with such other and further relief as deemed just and proper including attorney's fees and costs of suit.

## COUNT III

32. Sayer repeats and realleges the allegations set forth in paragraphs "1" through "31" as if fully set forth at length herein.

33. Sayer provided materials and services to Viscofan for which it failed and refused to pay.

34. As a result of Viscofan's refusal to pay for the services and materials provided by Sayer, Viscofan has been unjustly enriched.

**WHEREFORE**, Plaintiff, Sayer Technologies S.L., respectfully demands judgment for compensatory damages together with such other and further relief as deemed just and proper including attorney's fees and costs of suit.

Dated: April 24, 2023

THE WEIR LAW FIRM, LLC
1170 U.S. Highway 22 East, Suite 205
Bridgewater, New Jersey 08807
(908) 575-0185
Attorneys for Plaintiff

By: /s/ Bonnie M. Weir
    Bonnie M. Weir

## CERTIFICATION UNDER L. CIV. R. 11.2

I certify that the matter in controversy is not the subject matter of any other action pending in any court or of any pending arbitration or administrative proceeding.


Dated: April 24, 2023

THE WEIR LAW FIRM, LLC
1170 U.S. Highway 22 East, Suite 205
Bridgewater, New Jersey 08807
(908) 575-0185
Attorneys for Plaintiff


By: /s/ Bonnie M. Weir
     Bonnie M. Weir