Dariush Keyhani (N.J. Bar No. 044062002)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
(202) 748-8950
dkeyhani@keyhanillc.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAYER TECHNOLOGIES S.L., <br><br> Plaintiff, <br> v. <br><br> VISCOFAN COLLAGEN USA INC., <br> f/k/a NITTA CASTINGS INC, <br><br> Defendant. | Case No: <br> 3:23-cv-02257-MAS-TJB <br><br> **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

## ANSWER OF DEFENDANT VISCOFAN COLLAGEN USA INC. TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Viscofan Collagen USA Inc. ("Viscofan"), in response to the Complaint filed by Sayer Technologies, S.L. ("Sayer"), by and through undersigned counsel, answers and counterclaims as follows:

## ANSWER

## NATURE OF THE ACTION

1. Answering paragraph 1 of the Complaint, Viscofan only admits that that Sayer is the Plaintiff in the above captioned matter. The remaining allegations contained in paragraph 1

state conclusions of law to which no answer is required. All allegations of breach of contract, unjust enrichment, and theft of services are specifically denied and strict proof of same is demanded at the time of Trial.

## PARTIES, VENUE AND JURISDICTION

2. Answering paragraph 2 of the Complaint, Viscofan admits the allegations contained therein upon information and belief.

3. Answering paragraph 3 of the Complaint, Viscofan admits the allegations contained therein.

4. Answering paragraph 4 of the Complaint, Viscofan admits the allegations contained therein.

5. Answering paragraph 5 of the Complaint, Viscofan admits that it is located in New Jersey and that venue is proper pursuant to 28 U.S.C. §1391. The remaining averments contained in paragraph 5 state conclusions of law to which no answer is required. All allegations that Plaintiff was harmed by Defendant are specifically denied and strict proof of same is demanded at the time of Trial.

## RELEVANT FACTS

6. Answering paragraph 6 of the Complaint, Viscofan admits the allegations contained therein upon information and belief.

7. Answering paragraph 7 of the Complaint, Viscofan admits the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Viscofan only admits that in December of 2019 Viscofan, S.A. entered into an agreement to purchase Nitta Casings Inc.

9. Answering paragraph 9 of the Complaint, Viscofan only admits to the existence of the referenced document. Viscofan further answers that the referenced document should speak for itself and to the extent the averments in paragraph 9 are inconsistent with the referenced document, they are denied.

10. Answering paragraph 10 of the Complaint, Viscofan only admits to the existence of the referenced document. Viscofan further answers that the referenced document should speak for itself and to the extent the averments in paragraph 9 are inconsistent with the referenced document, they are denied.

11. Answering paragraph 11 of the Complaint, Viscofan only admits that Nitta Casings paid for a machine delivered by Sayer. Viscofan denies the remaining allegations in this paragraph.

12. Answering paragraph 12 of the Complaint, Viscofan only admits that Nitta Casings raised issues with respect to the operation of the machine. Viscofan denies the remaining allegations in this paragraph.

13. Answering paragraph 13 of the Complaint, Viscofan only admits that Nitta Casings purchased conveyor belts from Sayer. Viscofan denies the remaining allegations in this paragraph.

14. Answering paragraph 14 of the Complaint, Viscofan admits the allegations contained therein.

15. Answering paragraph 15 of the Complaint, Viscofan only admits to the existence of the referenced documents. Viscofan further answers that the referenced documents should speak for themselves and to the extent the averments in paragraph 15 are inconsistent with the referenced documents, they are denied. Viscofan denies the remaining

allegations in this paragraph.

16. Answering paragraph 16 of the Complaint, Viscofan admits the allegations contained therein upon information and belief.

17. Answering paragraph 17 of the Complaint, Viscofan lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth and thus denies the allegations contained therein.

18. Answering paragraph 18 of the Complaint, Viscofan lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth and thus denies the allegations contained therein.

19. Answering paragraph 19 of the Complaint, Viscofan lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth and thus denies the allegations contained therein.

20. Answering paragraph 20 of the Complaint, Viscofan only admits that it has not paid the subject invoices and admits, among other things, that the Sayer-Collagen Line Machine was not working properly and was underperforming.

21. Answering paragraph 21 of the Complaint, Viscofan only admits that it was party to a legal proceeding in Spain involving Sayer. Viscofan denies the remaining allegations in this paragraph.

22. Answering paragraph 22 of the Complaint, Viscofan only admits that it was party to a legal proceeding in Spain involving Sayer. Viscofan denies the remaining allegations in this paragraph.

23. Answering paragraph 23 of the Complaint, Viscofan only admits that it has not paid the subject invoices. Viscofan denies the remaining allegations in this paragraph.

## COUNT I

24. Answering paragraph 24 of the Complaint, Viscofan incorporates by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

25. Answering paragraph 25 of the Complaint, Viscofan only admits that Sayer delivered the subject conveyor belts at the request of Nitta Casings. Viscofan denies the remaining allegations in this paragraph.

26. Answering paragraph 26 of the Complaint, Viscofan only admits that it has not paid the subject invoices. Viscofan denies the remaining allegations in this paragraph.

27. Answering paragraph 27 of the Complaint, Viscofan denies the allegations contained therein.  All allegations of breach of contract are specifically denied and strict proof of same is demanded at the time of Trial.

## COUNT II

28. Answering paragraph 28 of the Complaint, Viscofan incorporates by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

29. Answering paragraph 29 of the Complaint, Viscofan denies the allegations contained therein.

30. Answering paragraph 30 of the Complaint, Viscofan only admits to the existence of the referenced documents. Viscofan further answers that the referenced documents should speak for themselves and to the extent the averments in paragraph 30 are inconsistent with the referenced documents, they are denied. Viscofan denies the remaining allegations in this paragraph.

31. Answering paragraph 31 of the Complaint, Viscofan denies the allegations contained therein.  All allegations of theft of services are specifically denied and strict proof

of same is demanded at the time of Trial.

## COUNT III

32. Answering paragraph 32 of the Complaint, Viscofan incorporates by reference each and every response contained in the preceding paragraphs as if fully set forth herein.

33. Answering paragraph 33 of the Complaint, Viscofan only admits that it has not paid the subject invoices. Viscofan denies the remaining allegations in this paragraph.

34. Answering paragraph 34 of the Complaint, Viscofan denies the allegations contained therein. All allegations of unjust enrichment are specifically denied and strict proof of same is demanded at the time of Trial.

## RESPONSE TO "WHEREFORE" CLAUSES

35. Viscofan denies that Sayer is entitled to any relief in this action, as requested or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and the purported causes of action contained therein, fails to state facts sufficient to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and the purported causes of action contained therein, are barred by Sayer's prior material breaches of contact.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of laches, wavier, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims based upon contracts are barred by the terms and conditions of the relevant contracts at issue.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims based upon contract are barred by the failure to satisfy conditions precedent, concurrent, or subsequent, as set forth in the relevant contracts.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any alleged damage, which damages are specifically denied herein, then said damages were caused by the actions or omissions of persons or entities other than answering Defendant, or over whom answering defendant had no control, or duty to control. Therefore, answering defendant was not and is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or reduced by its failure to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable law.

## TENTH AFFIRMATIVE DEFENSE

Defendant did not receive an enrichment due to the Plaintiff's activity or at the Plaintiff's expense.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant acted under an honest claim of right to the property or service involved.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of its breach of express and/or implied warranty.

## ADDITIONAL AFFIRMATIVE DEFENSES

This Answer is based upon information currently ascertained by Viscofan, which reserves its right to amend this Answer to assert any matter constituting an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, or any such other procedural rule regarding the assertion of affirmative defenses, made applicable to this proceeding, as hereinafter may be revealed in discovery or otherwise ascertained by Viscofan.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

1. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Viscofan is a citizen of New Jersey and Sayer is a citizen of Spain. After investigation, upon information and belief, Sayer is a corporation organized and existing under the laws of Spain.

2. The amount of harm imposed upon Viscofan by Sayer, exclusive of interest and costs, exceeds the sum or value of $75,000. Therefore, complete diversity of citizenship exists.

3. In addition, Sayer has consented to the jurisdiction of this Court and to this District as being an appropriate forum for resolution of this dispute by the filing of its Complaint.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## THE PARTIES

5. Viscofan is a Delaware corporation with its principal place of business located at 141 Southside Avenue, Bridgewater, New Jersey. Viscofan USA is a leading producer and distributor of artificial casings for the meat industry.

6. Viscofan is a successor in interest to Nitta Casings Inc.("Nitta"), following a transaction that was consummated in December of 2019 in which Viscofan's parent company, Viscofan, S.A., purchased Nitta Casings Inc., including the production facility located at 141 Southside Avenue, Bridgewater, New Jersey.

7. Sayer Technologies, S.L.is company is a corporation duly organized and existing under the laws of Spain with a principal place of business at Poligono Ipertegui II, Nave 33-35, 31160 Orcoyen (Navarra) - Spain.

8. Sayer manufactures specialized industrial machinery with its principal place of business located in Navarra, Spain.

## GENERAL ALLEGATIONS

9. On August 23, 2015, Sayer and Nitta entered into a framework agreement for the implementation and application of industrial technological solutions ("Technology & Trade Cooperation Agreement").

10. On August 28, 2015, Sayer and Nitta entered into a Contract Agreement for the production of a "Sayer Collagen Line Machine/Line S" ("Line S Machine") for use in Nitta's production of collagen casings.

11. Between April and November of 2019, Nitta ordered a number of conveyor belts from Sayer to be used with the Line S Machine.

12. Immediately upon being put to use, the conveyor belts failed to operate as expected or intended by Nitta.

13. Upon information and belief, Nitta operated and utilized the conveyor belts in strict conformity with the instructions provided by Sayer.

14. Following the acquisition of Nitta, Viscofan operated and utilized the conveyor belts in strict conformity with the instructions provided by Sayer.

15. The failure of the conveyor belts has resulted in significant disruptions to Viscofan's business operations, lost revenue, increased operating costs, and missed business opportunities.

## FIRST COUNTERCLAIM
### Counterclaim for Breach of Implied Warranty of Fitness for a Particular Purpose

16. Plaintiff adopts and incorporates by reference Paragraphs 1 through 15 of its Counterclaim Complaint as fully set forth herein.

17. Sayer knew the particular purpose for which Nitta intended to use the conveyor belts and provided the conveyor belts for that particular purpose.

18. Sayer knew that Nitta was relying on its knowledge, skills and experience in providing the conveyor belts.

19. Nitta reasonably relied upon Sayer's knowledge, skill, experience, and judgment with respect to the provision of the conveyor belts.

20. At the time of their sale, the conveyor belts were not fit for this particular purpose for the following reasons:

   a. did not meet standard specifications;
   b. failed to operate in a reliable and continuous manner;
   c. did not meet performance criteria; and
   d. were otherwise defective.

21. Upon information and belief, Nitta immediately notified Sayer that the conveyor belts failed to operate as intended.

22. Viscofan has also notified Sayer that the conveyor belts failed to operate as intended.

23. Sayer refused both Nitta's and Viscofan's requests to fulfill its obligation to remedy the conveyor belts' failure to operate as intended.

24. As a direct and proximate result of. Sayer's breach of the implied warranty of fitness for a particular purpose, Viscofan, as succors in interest to Nitta, suffered damages.

## SECOND COUNTERCLAIM
### Counterclaim for Breach of Implied Warranty of Merchantability

25. Plaintiff adopts and incorporates by reference Paragraphs 1 through 24 of its Counterclaim Complaint as fully set forth herein.

26. Sayer, in the course of its business, deals in transactions involving goods such as the conveyor belts and holds itself out as having knowledge and skill with respect thereto.

27. Sayer knew that Nitta intended to use the conveyor belts on the Line S Machine provided by Sayer and it recommended and produced the conveyor belts for that purpose.

28. At the time of this sale, the conveyor belts were not merchantable for the following reasons:

    a. did not meet standard specifications;
    b. failed to operate in a reliable and continuous manner;
    c. did not meet performance criteria;
    d. failed to operate for their purpose; and
    e. were otherwise defective.

29. Nitta's use of the conveyor belts was not abnormal and the conveyor belts failed to perform the functions for which they were purchased.

30. Upon information and belief, Nitta immediately notified Sayer that the conveyor belts failed to operate as intended.

31. Viscofan has also notified Sayer that the conveyor belts failed to operate as intended.

32. Sayer refused both Nitta's and Viscofan's requests to fulfill its obligation to

remedy the conveyor belts' failure to operate as intended.

33. As a direct and proximate result of. Sayer's breach of the implied warranty of merchantability, Viscofan, as succors in interest to Nitta, suffered damages.

## JURY DEMAND

Viscofan hereby demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Viscofan, having fully answered Sayer's Complaint, prays for judgment as follows:

1. That Plaintiff takes nothing by this action and that its Complaint be dismissed in its entirety with prejudice;

2. That Plaintiff pay appropriate damages for its breaches of warranty;

3. For costs of suit, including attorney's fees, pursuant to applicable law; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Attorneys for Defendant/Counter-Plaintiff

s/ Dariush Keyhani
Dariush Keyhani (N.J. Bar No. 044062002)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
(202) 748-8950
dkeyhani@keyhanillc.com

Dated: May 30, 2023