THE WEIR LAW FIRM, LLC
Bonnie M. Weir, Esq.
1170 U.S. Highway 22 East, Suite 205
Bridgewater, New Jersey 08807
908-575-0185
908-575-0187 - fax
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAYER TECHNOLOGIES, S.L., | Civil Action No. 3:23-cv-02257-MAS-TJB |
| Plaintiff, | |
| - v - | **ANSWER TO COUNTERCLAIM** |
| VISCOFAN COLLAGEN USA INC., f/k/a NITTA CASTINGS INC., | |
| Defendant. | |

Plaintiff, Sayer Technologies, S.L. ("Sayer"), by and through its counsel, The Weir Law Firm, LLC, by way of Answer to Counterclaims of Defendant, Viscofan Collagen USA Inc., f/k/a Nitta Castings Inc. ("Viscofan") says as follows:

**JURISDICTION AND VENUE**

1. Admits the allegation set forth in paragraph "1" of the Counterclaim.

2. Denies the allegations set forth in paragraph "2" of the Counterclaim and leaves Viscofan to its proofs.

3. Admits the allegation set forth in paragraph "3" of the Counterclaim.

4. Admits the allegation set forth in paragraph "4" of the Counterclaim.

**THE PARTIES**

5. With respect to the allegations set forth in paragraph "5" of the Counterclaim, Sayer Admits that Viscofan is located in Bridgewater, New Jersey, but except as admitted herein lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Viscofan to its proofs.

6. With respect to the allegations set forth in paragraph "6" of the Counterclaim, Sayer admits that it was advised that Viscofan acquired Nitti but except as admitted herein lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Viscofan to its proofs.

7. Admits the allegations set forth in paragraph "7" of the Counterclaim.

8. Denies the allegations set forth in paragraph "8" of the Counterclaim and refers to paragraph "6" of the Complaint as and for a description of services provided by Sayer.

## GENERAL ALLEGATIONS

9. With respect to the allegations set forth in paragraph "9" of the Counterclaim, Sayer admits to entering into an agreement with Nitti but on or about June 25, 2015.

10. Admits the allegations set forth in paragraph "10" of the Counterclaim.

11. Admits the allegations set forth in paragraph "11" of the Counterclaim.

12. Denies the allegations set forth in paragraph "12" of the Counterclaim.

13. With respect to the allegations set forth in paragraph "13" of the Counterclaim, Sayer lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Viscofan to its proofs.

14. With respect to the allegations set forth in paragraph "14" of the Counterclaim, Sayer lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Viscofan to its proofs.

15. Denies the allegations set forth in paragraph "15" of the Counterclaim.

## FIRST COUNTERCLAIM

16. Sayer repeats and realleges its responses to paragraphs "1" through "15" as if fully set forth at length herein.

17. Denies the allegations set forth in paragraph "17" of the Counterclaim.

18. Denies the allegations set forth in paragraph "18" of the Counterclaim.

19. Denies the allegations set forth in paragraph "19" of the Counterclaim.

20. Denies the allegations set forth in paragraph "20" of the Counterclaim.

21. Denies the allegations set forth in paragraph "21" of the Counterclaim.

22. With respect to the allegations set forth in paragraph "22" of the Counterclaim, Sayer admits that Viscofan alleged the conveyor belts did not operate as it intended but denies the accuracy of the allegations.

23. Denies the allegations set forth in paragraph "23" of the Counterclaim.

24. Denies the allegations set forth in paragraph "24" of the Counterclaim.

## SECOND COUNTERCLAIM

25. Sayer repeats and realleges its responses to paragraphs "1" through "24" as if fully set forth at length herein.

26. Admits the allegations set forth in paragraph "26" of the Counterclaim.

27. Denies the allegations set forth in paragraph "27" of the Counterclaim.

28. Denies the allegations set forth in paragraph "28" of the Counterclaim.

29. Denies the allegations set forth in paragraph "29" of the Counterclaim.

30. Denies the allegations set forth in paragraph "30" of the Counterclaim.

31. With respect to the allegations set forth in paragraph "31" of the Counterclaim, Sayer

admits that Viscofan alleged the conveyor belts did not operate as it intended but denies the accuracy of the allegations.

32. Denies the allegations set forth in paragraph "32" of the Counterclaim.

33. Denies the allegations set forth in paragraph "33" of the Counterclaim.

## RESPONSE TO PRAYER FOR RELIEF

Sayer denies that Viscofan is entitled to any relief with respect to its Counterclaims.

## AFFIRMATIVE DEFENSES

1. The Counterclaims fail to state a cause of action upon which relief may be granted.

2. The Counterclaims are barred by the doctrine of unclean hands

3. Any damage or loss allegedly sustained by Viscofan was the result of the negligence and bad faith on the part of Viscofan and/or parties over whom Sayer has no control.

4. The Counterclaim is partially barred by the Statute of Limitations.

5. Sayer breached no warranties.

6. Viscofan's claims are barred under the doctrines of laches, waiver and estoppel.

7. Viscofan failed to mitigate any alleged damages.

8. Viscofan's claims are barred by the doctrines of collateral estoppel and res judicata.

Dated: June 19, 2023

THE WEIR LAW FIRM, LLC
1170 U.S. Highway 22, Suite 205
Bridgewater, New Jersey 08807
(908) 575-0185
Attorneys for Plaintiff

By: /s/ Bonnie M. Weir
      Bonnie M. Weir