# The Weir Law Firm, L.L.C.
1170 US Highway 22 East
Suite 205
Bridgewater, New Jersey 08807
908-575-0185
908-575-0187(fax)
www.weirlawfirm.com

Bonnie M. Weir, Managing Member
Admitted NJ &NY
bmw@weirlawfirm.com

Desiree L. Yackowski
Senior Paralegal
para2@weirlawfirm.com

**VIA ECF**
September 6, 2024

Hon. Tonianne J. Bongiovanni, U.S.M.J.
United State Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: **Sayer Technologies, S.L. v. Viscofan Collagen USA, Inc.**
     **Civil Action No.: 23-2257 (MAS)**

Dear Judge Bongiovanni:

This office represents the Plaintiff, Sayer Technologies, S.L. ("Sayer"), in the above referenced matter. Please accept this letter as and for Sayer's supplemental briefing with respect to Personal Jurisdiction and Fraudulent Concealment as requested by Text Order dated August 22, 2024.

Equitable tolling is a rare and extraordinary remedy. Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005). In order to survive a motion to dismiss, the pleading "must include 'sufficient factual matter' for the court to infer that discovery may show that tolling could keep alive [its] otherwise untimely claim." Aversano v. Santander Bank, N.A., 828 Fed.Appx. 109, 112 (3d Cir. 2020). "The Third Circuit recognizes three 'principal' situations in which a court may find a limitations period equitably tolled: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting . . . her rights; or (3) where the plaintiff has timely asserted . . . her rights mistakenly in the wrong forum.'" Fort v. United States, 2024 WL 228935 (D.N.J. Jan. 22, 2024) at 8, citing to Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). A "party invoking the doctrine must also have 'exercised due diligence in pursuing and preserving her claim.'" Fort, at 8.

Personal Jurisdiction:
Viscofan alleges it requires certain discovery to address Sayer's summary judgment motion to dismiss the counterclaims citing to lack of personal jurisdiction as a toll to the statute of limitations. However, both Sayer's Answer to First Amended Counterclaim by and through an affirmative defense, and the motion for summary judgment allege the Court lacks subject matter jurisdiction based upon the Contract's designation of Spain has having exclusive jurisdiction. The first time an alleged lack of personal jurisdiction was raised was in Viscofan's letter dated December 22, 2023 wherein it seeks certain discovery to address the statute of limitations.

The case law defines the issue of equitable tolling for lack of personal jurisdiction as one of filing an action in one court which lacks personal jurisdiction to toll the statute if an action is refiled in a court that has jurisdiction. Island Insteel Systems, Inc. v. Waters, 296 F.3d 200, 203 (3d Cir. 2002). In Jaworowski v. Ciasulli, 2008 WL 11510294 (D.N.J. Apr. 14, 2008), at 4, the Court noted that the New Jersey Supreme Court's decision in Galligan v. Westfield Centre Service, Inc., 82 N.J. 188, 193 (1980), "concluded that filing in a court that lacked jurisdiction 'should not defeat tolling of the statute where all other purposes of the statute of limitations have been satisfied.'" The Court went on to state that Galligan instructs the Court to consider if equitable tolling would unduly prejudice the other party's interests protected by the statute of limitations, and whether the very filing in the first jurisdiction demonstrates "proper diligence" on their part for which the statute of limitations is intended to ensure. Jaworowski, at 5.

As noted by the Court in Vargo v. D&M Tours, Inc., 2024 WL 277702 (3d. Cir. Jan. 25, 2024) at pg. 4, "New Jersey courts have occasionally found that filing in a forum that lacks personal jurisdiction over defendants is excusable error." The Court went on to confirm that when there was a lack of personal jurisdiction and the wrong venue, failure to show facts or a basis to establish a justifiable excuse for filing in the wrong forum precludes equitable tolling. Id.

However, a litigant seeking to equitably toll the statute of limitations must act diligently. "[E]quitable tolling pauses the running of, it 'tolls', a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Lozano v. Montoya Alvarez, 572 U.S. 1, 10 (2014). The party seeking to benefit from equitable tolling has the burden of demonstrating that it "exercise[d] due diligence to preserve his or her claim," since the remedy should be used sparingly. Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997).

In Sebso v. Bergen County Prosecutor's Office, 2021 WL 4786113 (D.N.J. Oct. 14, 2021), the Court addressed the lack of personal jurisdiction with the filing of a complaint in Bergen County which was dismissed for lack of personal jurisdiction over the Rockland County, New York defendants. An appeal affirmed the trial court's decision. Thereafter, plaintiff filed a complaint in the New Jersey District Court and faced another motion to dismiss on various bases including lack of personal jurisdiction. With respect to the personal jurisdiction issue, the Court stated that the best case scenario would have been a tolling of the statute of limitations to the point in time the state court dismissed for lack of personal jurisdiction. Id. at 6. However, "[i]nstead of complying with the

judge's instructions, Plaintiff waited almost two years to file the instant action, and again filed it in New Jersey." Id. The Court went on to confirm that filing in the wrong forum twice did not amount to "sufficiently extraordinary circumstances to warrant equitable tolling." Id. (citation omitted).

The discovery Viscofan alleges it wants with respect to this topic includes Sayer's U.S. business activities from January 2017 to present; Sayer's U.S. commercial marketing activity; and actual or projected U.S. sales or market share. None of this information supports a claim for lack of personal jurisdiction. In 2016, Viscofan sued Sayer in Spain alleging unfair competition among other things. It fully tried the case and unsuccessfully appealed same. The Court in Spain confirmed Viscofan was aware of its alleged claims since 2015 and that it was unable to prove same. Additionally, Viscofan acquired Nitta in December 2019 and thereby had access to all information known to Nitta. Yet Viscofan did nothing until Sayer was required by the Court in Spain to commence an action in the United States to address failure to pay for the belts. Based upon the facts and the law, there is nothing to support Viscofan's attempt to obtain the requested discovery to address Sayer's motion.

Fraudulent Concealment:
Viscofan alleges it requires certain discovery to address Sayer's summary judgment motion to dismiss the counterclaims citing to fraudulent concealment as a toll to the statute of limitations. Despite alleging in the Amended Counterclaim that upon its acquisition of Nitta in 2019 it discovered that Viscofan did not cease and desist from use of trade secrets, there is no claim for fraudulent concealment.

In order to allege equitable tolling of the statute of limitations due to fraudulent concealment, a party must plausibly plead that the other party "actively misled [it] during the limitations period, which prevented [it] from recognizing that [it] had a valid claim in time. . . . And [its] delay must not be because of [its] 'lack of reasonable due diligence in attempting to uncover the relevant facts.'" Aversano, supra, at 112 (citation omitted). See also, Emereson Electric Co. v. Le Carbone Lorraine, S.A., 500 F.Supp. 437, 448 (D.N.J. 2007) wherein the Court noted "[i]f a plaintiff can establish that a defendant fraudulently concealed its actions such that the plaintiff could not know of its injury during the limitations period, the Court shall toll the statute of limitations during that term of concealment." The Court continued by explaining what a party needs to establish in order to toll the limitations period for fraudulent concealment: "1. An affirmative act of concealment by each defendant, 2. That the defendant's actions misled the plaintiff or relaxed its inquiry, and 3. That the plaintiff exercised due diligence during the statutory period." Id. See also, In re Magnesium Oxide Antitrust Litigation, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) at 20 wherein the Court reiterated what has to be established and further stated "[i]n addition, allegations of fraudulent concealment must be pled with particularity in accordance with Federal Rule of Civil Procedure 9(b)."

The Magnesium Oxide Court then explained each of the elements of fraudulent concealment. The first requirement is "to sufficiently allege affirmative acts of concealment". Id at 20. The second requirement of the defendant's actions misled the plaintiff or relaxed its' inquiry implies a plaintiff's reliance on the act of concealment. The third requirement of due diligence "is rooted in the notion of inquiry notice: than an injury accrues when a reasonable plaintiff under the circumstances would

have discovered it." Id. at 23. As noted above, Viscofan never pled an action for fraudulent concealment and accordingly none of the requisite requirements have been alleged.

In Commodity Futures Trading Commission v. Worldwide Markets, Ltd., 675 F.Supp.3d 496, 504 (D.N.J. 2023), the Court described the necessary allegations of fraudulent concealment as follows: "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of his or her claim within the limitations period; and (3) [that] the plaintiff's ignorance is not attributable to his or her lack of reasonable diligence in attempting to uncover the relevant facts." When a party fails "to allege sufficient facts of fraudulent concealment for equitable tolling to apply", such claim is time barred. Stockroom, Inc. v. Dydacomp Development Corp., 941 F.Supp.2d 537, 546-547 (D.N.J. 2013). That Court noted that the doctrine of equitable tolling based on fraudulent concealment "requires an act of concealment or trickery beyond the *original* act of wrongdoing." Id. at 541. The Court further explained the difference between the discovery rule and equitable tolling wherein "[t]he discovery rule postpones the accrual of a cause of action" and "[e]quitable tolling acknowledges the accrual of the cause of action but tolls the statute of limitations because the defendant's inequitable conduct 'induced or tricked' the plaintiff to miss the filing deadline." Id. at 542.

As noted earlier, despite the fact there is no cause of action pled for fraudulent concealment, Viscofan alleges same tolls the statute of limitations and that it requires various discovery. Indeed it seeks documents relating to Sayer bringing this action including the decision as to timing and choice of forum. Sayer's action was commenced to recover payment for belts provided and was in direct response to the Court in Spain advising Sayer its claim for payment must be brought in the United States. As Viscofan commenced the action in Spain, it is well aware of such ruling. Viscofan also seeks documents relating to its February 2015 cease and desist letter. Same confirms Viscofan's long standing allegations of improper use of confidential information which resulted in its filing of the action in Spain. Having lost in Spain, including appeals of the lower court's decisions, it is now trying to piggyback onto Sayer's action to relitigate the issues decided against it. Viscofan then seeks documentation relating to information which was returned to Viscofan in response to its February 2015 letter. Viscofan knows what was returned. Finally Viscofan alleges it needs Sayer's marketing information and contracts or draft contracts expressly excluding Viscofan as a possible purchaser. None of the alleged discovery lends itself to fraudulent concealment which was never pled.

## **CONCLUSION**

Based upon the above, together with Sayer's December 29, 2023 response to Viscofan's request for discovery, Sayer Technologies, S.L. respectfully requests that the Court deny any request for discovery by Viscofan as unnecessary to address the issues raised in Sayer's motion for summary judgment.

                        Respectfully submitted,

                        THE WEIR LAW FIRM, LLC

                        By: _____
                              Bonnie M. Weir

Cc: Dariush Keyhani, Esq. (Via email)
      Client (via email)