THE WEIR LAW FIRM, LLC
Bonnie M. Weir, Esq.
1170 U.S. Highway 22 East
Suite 205
Bridgewater, New Jersey 08807
908-575-0185
908-575-0187 - fax
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SAYER TECHNOLOGIES, S.L., | Civil Action No. 23-2257 (MAS-TJB) |
| Plaintiff, | Hon. Tonianne J. Bongiovanni, U.S.M.J. |
| - v - | |
| VISCOFAN COLLAGEN USE INC., f/k/a NITTA CASTINGS INC., | **PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO L. CIV. R. 56.1** |
| Defendant. | |

The Plaintiff, Sayer Technologies, S.L. ("Sayer"), provides the following statement of material facts:

1. Sayer is a company duly organized and existing under the laws of Spain. Declaration of Mr. Zuniga at par. "2".

2. While Sayer was founded in 2012, it was is the result of the redenomination of a previously existing company called NAVAGLOBAL which had a completely different purpose, not in the least related to machinery design and/or manufacturing. Declaration of Mr. Zuniga at par. "2".

3. From the very beginning of Sayer's operation, the company has been working for several industrial fields in parallel, and not just in the food industry, including, by way of example only, the automobile industry (mechanical parts and development design and manufacturing). Declaration of Mr. Zuniga at par. 2.

4.  Viscofan, S.A. is a Spanish company and parent company to a group of companies engaged in the manufacture and marketing of artificial casings for meat products. Declaration of Mr. Zuniga at par. "3".

5.  On December 10, 2012, Sayer entered into a Confidentiality Agreement with Viscofan, S.A. for the purpose of having Sayer develop and apply technological solutions for Viscofan S.A.'s "production plants and those of its investee companies according to Viscofan's requirements." Declaration of Mr. Zuniga at "3" and Exhibit "A" at par. C.

6.  During the period of time when Sayer and Viscofan S.A. were collaborating in Spain, in the United States, Viscofan S.A. and its U.S. affiliates were exclusively focused on the different methodologies off cellulous and fibrous casing manufacturing. Declaration of Mr. Zuniga at par. "3".

7.  Sayer was not at any time involved with activities in the United States related to Viscofan S.A. or its affiliates in the United States, neither as collaborator nor as supplier. Declaration of Mr. Zuniga at par. "3".

8.  Viscofan S.A.'s first venture into the collagen manufacturing field in the United States was through its acquisition of Nitta in 2019. Declaration of Mr. Zuniga at par. "3".

9.  Since Sayer's design and manufacturing work was in the collagen field and Viscofan S.A. was exclusively dedicated to cellulous and fibrous production in the U.S., there was not, and could not be, disclosure of any secrets or know-how in the cellulous design and manufacturing process. Declaration of Mr. Zuniga at par. "3".

10. Pursuant to par. "10" of the Confidentiality Agreement, Sayer and Viscofan, S.A. agreed that Spanish law was to be used to interpret the agreement and that the parties expressly

submitted to the jurisdiction of Spain. Declaration of Mr. Zuniga at par. "4" and Exhibit "A".

11. While Sayer agreed to treat information disclosed to it by Viscofan, S.A. as confidential, the Agreement does not prohibit Sayer from developing its own technology in the industry. Declaration of Mr. Zuniga at par. "5" and Exhibit "A".

12. On June 23, 2015, Sayer entered into a Technology and Trade Cooperation Agreement with Nitta Casings Inc. ("Nitta") for a collaboration with Nitta to contribute to the modernization of its product system. Declaration of Mr. Zuniga at par. "6" and Exhibit "B".

13. Nitta was a company located in Bridgewater, New Jersey and was engaged in the production of collagen for the food industry. Declaration of Mr. Zuniga at par. "6".

14. Pursuant to paragraph Four of the Technology and Trade Cooperation Agreement, "SAYER is free to exploit the results, patentable or not, which arose in certain projects referred to in this contract and owns full proprietary rights on those projects, particularly the Collagen Casing Lines." Declaration of Mr. Zuniga at par. "7" and Exhibit "B".

15. This relationship by and between Sayer and Nitta had nothing to do with Viscofan S.A. Declaration of Mr. Zuniga at par. "7".

16. Paragraph Eight of the Technology and Trade Cooperation Agreement established that the courts in Pamplona, Spain have exclusive jurisdiction for the resolution of any dispute regarding the Agreement. Declaration of Mr. Zuniga at par. "7" and Exhibit "B".

17. Thereafter, on August 28, 2015, Sayer and Nitta entered into a Contract Agreement whereby Nitta purchased from Sayer a Collagen Line Machine "Line S". Declaration of Mr. Zuniga at par. "8" and "C".

18. Once again, this Contract Agreement provided for the governing law to be that of

Spain and that exclusive jurisdiction was with the courts at Pamplona, Spain. Declaration of Mr. Zuniga at par. "8" and Exhibit "C" at par. 8.

19. Between April and November 2019, Nitta ordered various supplies from Sayer for use with the Line S, including but not limited to belts. Declaration of Mr. Zuniga at par. "9" and Exhibit "D".

20. Those invoices also include costs for transportation as Sayer employees were to travel to Nitta's location, which trip was later cancelled by Nitta. Declaration of Mr. Zuniga at par. "9" and Exhibit "D".

21. On December 19, 2019, Nitta's President and CEO advised Sayer that payment was being sent out for outstanding invoices and further that it was purchased by Viscofan. Declaration of Mr. Zuniga at par. "10" and Exhibit "E".

22. Thereafter, Nitta advised Sayer that Viscofan instructed the finance department to hold off on making payment until they reviewed everything. Declaration of Mr. Zuniga at par. "11" and Exhibit "F".

23. On November 2, 2016, Viscofan, S.A. filed a lawsuit against Sayer in Spain to address their claims of alleged unfair competition. Declaration of Mr. Zuniga at par. "12" and Exhibit "G" at Background to the Facts.

24. By Judgment entered on March 7, 2019, Viscofan, S.A.'s claims were dismissed on the basis of the statute of limitations. Declaration of Mr. Zuniga at par. "12" and Exhibit "G".

25. However, as noted in the Judgment, a full evidentiary hearing was commenced on June 28, 2018. Declaration of Mr. Zuniga at par. "12" and Exhibit "G" at FIVE of the Background to the Facts.

26.  In reviewing the facts to support a finding that Viscofan, S.A.'s claims were time barred, the Court stated the following:

> In the case of this procedure, the only conclusion that may be reached is that the action being exercised is statute barred since more than one year has elapsed since the action could be exercised without it being observed that continuing unfair conduct exists. To this end, it is necessary to accurately determine what conduct the defendant is being attributed with, which is simply the use of knowledge acquired during its commercial relationship with VISCOFAN, S.A. relating to said company's plans, machinery, and production process to market machines copied from the plaintiff. In this respect, the fact that an order for pulleys was placed in February 2016 with the company DINAMICA (exhibit no. 24 of the claim) and in November 2015 an order for belts was placed with the company AMMERAAL BELTECH, S.A. (Exhibit no. 28 of the claim) is of no relevance in order for it to be deemed that we are faced with a continuing act given that these are instrumental acts to enable SAYER TECHNOLOGIES, S.L. to manufacture a machine (a knotting machine) which it is stated the defendants copied and sought to sell. Nevertheless, the fact that SAYER TECHNOLOGIES, S.L. sought to sell one or several machines of similar specifications to that developed by VISCOFAN, S.A. is a fact that has been known by the plaintiff since February 23, 2015, as said party states and attests. Indeed, enclosed as exhibit no. 17 to the claim is the email sent by the international sales representative Mr. Horwath in which he reports to Mr. Kamis (of VISCOFAN, S.A.) that both himself and his colleague Mr. Kollross have been contacted by SAYER TECHNOLOGIES, S.L. to place on the market a machine which, in his opinion, bears highly similar features to the knotting machine developed by VISCOFAN, S.A. From this point, the plaintiff is already accepting this circumstance and is fully aware of the alleged activity carried out by SAYER TECHNOLOGIES, S.L., as certified by exhibit no. 18 of the claim, which is a notary record by means of which VISCOFAN, S.A. serves notice on SAYER TECHNOLOGIES, S.L. – through its representative Mr. Legaz – with a letter calling on the company to refrain from marketing the knotting machines and to hand over all documentation and information relating to the designs, the technology, and the know-how pertaining to the plaintiff. Following that, there is only reference to a shipment of containers by SAYER TECHNOLOGIES, S.L. to Nitta group, but under no circumstances has it been certified that what those containers held was technology

built by SAYER TECHNOLOGIES, S.L. copied from technology pertaining to VISCOFAN, S.A.

Exhibit "G" to the Declaration of Mr. Zuniga at pgs. 8-9.

27. Viscofan, S.A. appealed that decision with the Judgment entered against Viscofan on May 13, 2021. Declaration of Mr. Zuniga at par. "13" and Exhibit "H".

28. As part of the appeal, the Court reviewed the technical issues and further addressed there being no evidence to support a claim of unfair competition. Declaration of Mr. Zuniga at par. "13".

29. The Court continued as follows:

> Also, the judicial version of events has not proven that Sayer had manufactured and/or marketed knotting machines using Viscofan's secret technology, not even in relation to the one identified in August 2014, which must have been sold to Poland, and which constituted grounds for the requisition dated February 23, 2015. This requisition proves that the events reported by Viscofan were already known by the time the demand was made for confidential data to be handed over, but it does not prove that the famed replicated knotting machine existed, nor does it attest to the precise specifications of it.

Exhibit "H" to the Declaration of Mr. Zuniga at pg. 9.

30. At pg. 13 of the Judgment, the Court continued:

> Mere competition on the market from the company Sayer, which would hypothetically remain in possession of Viscofan's data that it did not return on February 25, 2015 and which it had not destroyed, is also not unfair competition. Indeed, this is not the claim sought in the action.

Exhibit "H" to the Declaration of Mr. Zuniga.

31. Finally, the Court noted at pg. 20 of the Judgment:

> Consequently, there is no way of knowing whether there have been technical coincidences in parts and machines; whether the

> coincidences were technically preventable; or whether the defendants possess anything physical or virtual in relation to Viscofan's secrets. In view of the above, the general stipulation of article 4 of the SUAC, which is founded on the undetermined legal concept of objective good faith, is inappropriately invoked in the claim for specific acts of said classification. In relation to these acts, a certain requirement is absent in order for the relevant rule to be able to apply to a specific case.
>
> In short, the absence of evidence of the acts in relation to the statute of limitations is tantamount to declaring the claim by Viscofan as being unfeasible with regard to the merits of the case.

Exhibit "H" to the Declaration of Mr. Zuniga.

32. Once again Viscofan, S.A. appealed that decision which was upheld by Judgment entered on June 23, 2023. Declaration of Mr. Zuniga at par. "14" and Exhibit "I".

33. The Court noted:

> Accordingly, following an overall examination of the evidence reviewed, the judgment under appeal established that, beyond the pleadings of the appealing party, none of the instances of the conduct stated had been certified and the lack of evidence thereof was even underlined. It went further and pointed out that if an unlawful act had taken place, it would have been committed in August 2014, meaning that by February 23, 2016 – one month before the action was exercised – the action would have been statute barred.

Exhibit "I" to the Declaration of Mr. Zuniga at pg. 6.

34. With respect to the issue of the belts, Viscofan Collagen USA Inc., the party in this action, commenced an action in Spain alleging, among other things, that the belts were defective and as a result they lost money. Declaration of Mr. Zuniga at par. "15".

35. A Judgment was entered on December 23, 2022 which denied any recovery as there was no evidence of a design flaw. Declaration of Mr. Zuniga at par. "15" and Exhibit "J".

36. While Sayer filed an appeal with respect to an issue unrelated to the belts, Viscofan

-7-

Collagen USA did not appeal any part of the Judgment, including the determination that there was no evidence of a design flaw with the belts, and therefore they accepted the Judgment on that issue. Declaration of Mr. Zuniga at par. "15".

37. After considering both Viscofan's expert as well as the Court appointed expert, the Court determined there was no "design failure, since it has not been proven that they cannot withstand the temperature and humidity conditions in that zone. On the contrary, belt modifications and replacements were carried out by the defendant up to the change of ownership. Finally, the S-line production data do not prove a causal link to the green belts breaking." Declaration of Mr. Zuniga at Exhibit "K" at pg. 58.

38. With respect to the Court appointed expert's report, the Court noted "the technical specifications of the HABASIT belt model T2– S – molded in TPU 10 and chosen by SAYER TECHNOLOGIES S.L. for the Neutralization, Drying and Wetting Zones – fulfill the requirements of the working environment referred by VISCOFAN COLLAGEN USA INC., which are, on the other hand, approximate (~) and incomplete (?), as the Table demonstrates." Exhibit "K" to the Declaration of Mr. Zuniga at pg. 60.

39. The Court continued:

> Having established this, there is no objective proof that links the break of the green belts to the material chosen by Sayer. There is no proof of the defendant's claim that the material does not withstand the high temperature and humidity of the plant working conditions. The video and the three photographs of the supposed rusting are clearly insufficient proof to establish this claim.

Declaration of Mr. Zuniga at Exhibit "K" at pg. 61.

40. In conclusion on this issue, the Court stated "[b]oth the invoices and the break history

prove the existence of a damage but not the defendant's responsibility for the damage or, in short, that the cause for the defect or the break of the green belts is their manufacturing from an inadequate material (HABASIT Model T20-S). **The defect has not been proven.**" Declaration of Mr. Zuniga at Exhibit "K" at pg. 61-62.

41. The supporting Court appointed expert's report is provided as Exhibit "K" to the Declaration of Mr. Zuniga.

42. All of the issues set forth in Viscofan Collagen's Counterclaims have been decided by the Courts in Spain as against Viscofan Collagen and Viscofan S.A. who initiated the actions in Spain. Declaration of Mr. Zuniga at par. "17".

43. According to the corporate searches performed in this matter, the Defendant/Counterclaim Plaintiff in this case, Viscofan Collagen, was incorporated in Delaware in 2019 and registered to do business in New Jersey at the same time. Declaration of Mr. Zuniga at par. "18" and Exhibit "L" which includes the following records from Delaware and New Jersey recording offices:

(A) Nitta Casings, Inc. Certificate of Authorization filed July 15, 1996 showing it was incorporated in Delaware;

(B) Nitta Casings, Inc. Application for Amended Certificate of Authority to change its name to Viscofan Collagen USA Inc. filed on December 20, 2019;

(C) Delaware's certification that Viscofan Collagen USA Inc. was incorporated in Delaware with the date of incorporation relating back to Nitta's incorporation of July 9, 1996;

(D) Certificate of Change of Registered Office and/or Registered Agent for Viscofan Collagen USA Inc. filed January 23, 2020 noting Delaware incorporation;

(E) Viscofan Collagen USA Inc.'s Certificate of Pending Withdrawal filed July 5, 2022

regarding termination of the entity;

(F) Certificate of Withdrawal dated June 27, 2022 confirming the corporation is not transacting business activities in New Jersey.

44. There does not appear to be an entity which officially assumed the prior Nitta entity. Declaration of Mr. Zuniga at par. "18".

                                              THE WEIR LAW FIRM, LLC
                                              Attorneys for Plaintiff

Dated: October 21, 2024                By: _____
                                                    Bonnie M. Weir