UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAYER TECHNOLOGIES, S.L., <br><br> Plaintiff, <br><br> - v - <br><br> VISCOFAN COLLAGEN USA INC., f/k/a NITTA CASTINGS INC., <br><br> Defendant. | Civil Action No. 23-2257 (MAS-TJB) <br> Hon. Tonianne J. Bongiovanni, U.S.M.J. <br><br> Motion Date: To be Determined by Court <br> Oral Argument Requested |

---

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT DISMISSING
DEFENDANT'S AMENDED COUNTERCLAIMS WITH PREJUDICE**

---

THE WEIR LAW FIRM, LLC
1170 U.S. Highway 22
Suite 205
Bridgewater, New Jersey 08807
Attorneys for Plaintiff,
Sayer Technologies, S.L.

Of Counsel and On the Brief:
    Bonnie M. Weir, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY....................................................1

LEGAL ARGUMENT.................................................................................................................1

CONCLUSION............................................................................................................................6

## TABLE OF AUTHORITIES

**Cases:**                                                                                                                    **Page:**

Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102 (3d Cir. 1992)..................................5

American Permac, Inc. v. United States, 800 F.Supp. 952 (Ct. Int'l Trade 1992) ....................... 1-2

Crozier v. Johnson & Johnson Consumer Companies, Inc. 901 F.Supp.2d 494 (D.N.J. 2012) ......5

Green v. Green Mountain Coffee Roasters, Inc., 279 F.R.D. 275 (D.N.J. 2011)............................3

Herbstman v. Eastman Kodak Company, 68 N.J. 1 (1975)............................................................4

Lieberson v. Johnson & Johnson Consumer Companies, Inc.,
865 F.Supp.2d 529 (D.N.J. 2011) ...............................................................................................4, 5

Spring Motors Distributors, Inc. v. Ford Motor Company, 98 N.J. 555 (1985)..............................3


**Rules:**

L.Civ.R. 7.1(d).................................................................................................................................2

## PRELIMINARY STATEMENT

Defendant, Viscofan Collagen USA, Inc. (Viscofan Collagen"), chose not to submit a Memorandum of Law opposing Plaintiff's, Sayer Technologies, S.L. ("Sayer"), Memorandum of Law in support of Sayer's motion for summary judgment to dismiss the Counterclaims. Instead, Viscofan Collagen merely referenced two (2) cases in its Response to the Statement of Material Facts. To the extent Viscofan Collagen failed to address the Legal Arguments advanced by Sayer, same should be deemed unopposed. This Reply Memorandum of Law is limited to the issues set forth in the cases cited by Viscofan Collagen.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Sayer incorporates herein by reference the Reply Declaration of Sayer's Managing Director with exhibits as and for a supplemental Statement of Facts and Procedural History prior to the commencement of this action.

## LEGAL ARGUMENT

In its' Response to the Statement of Material Facts, Viscofan Collagen cited to American Permac, Inc. v. United States, 800 F.Supp. 952 Ct. Int'l Trade 1992) alleging the case stands for a proposition stated in footnote 7 which explained that an issue in the first action which is sought to be precluded was to be necessarily decided and was not merely decided collaterally or in dicta. However, the actual decision stated "[i]n order for a judicial determination to have conclusive effect in subsequent litigation with respect to a particular legal issue, a concept known as issue preclusion or collateral estoppel, the issue sought to be precluded from relitigation must have been actually and necessarily determined by a valid final judgment." Id. at 954. The Court went on to note that "[a]n important factor in determining the finality of a decision for issue preclusion is whether that decision

was ever subject to an appeal." Id. at 955. In footnote 4, the Court noted that the Defendant correctly stated other factors are relevant to determine whether a judgment is final for preclusion, including whether the parties were fully heard and the court's decision was supported by a reasoned opinion.

While Viscofan Collagen alleges that there was no final judgment on Viscofan S.A.'s claims, same is belied by the Judgments themselves. Viscofan S.A. was the Plaintiff in the actions filed in Spain. Viscofan S.A. appealed the Judgment of the trial court and then further appealed the Judgment of the appellate court. It lost at the trial level, appellate level and Supreme Court. With respect to Viscofan Collagen's lawsuit in 2021, the accompanying Declaration of Mr. Zuniga details all of the issues raised by Viscofan Collagen as well as the fact that they did not appeal any of the determinations against them even though Sayer appealed certain parts of the decision. Since all of the issues which Viscofan, S.A. and Viscofan Collagen allege by way of Counterclaims have already been decided by the Courts in Spain, they are precluded from relitigating those issues in the pending action under different theories of law.

Other than as noted above, Sayer relies upon and incorporates herein by reference the legal arguments set forth in Point II of the original Memorandum of Law which addressed the doctrine of comity and collateral estoppel, as well as the enforcement of the forum selection clause and choice of law clause. None of these doctrines, with the sole exception of Viscofan Collagen's citation to American Permac, supra, have bee opposed by a Brief as required by the Local Rules (or at the very least the filing of a statement that no brief is necessary for stated reasons pursuant to L.Civ.R. 7.1(d)).

The only other case referenced by Viscofan Collagen in its Response to the Statement of Material Facts was Spring Motors Distributors, Inc. v. Ford Motor Company, 98 N.J. 555 (1985) for the proposition that a plaintiff in a warranty action need not establish the existence of a defect and it is the failure of the goods to perform as warranted that is sufficient. However, Spring Motors addressed a **written** warranty and not an implied warranty which is alleged by Viscofan Collagen in the Counterclaims. The Spring Motors Court determined that a commercial buyer who sought damages for economic loss from the purchase of defective goods could recover from an immediate seller and a remote supplier in a distribution chain for breach of warranty under the UCC but could not recover for strict liability or negligence. The Court also determined the statute of limitations on such actions. While the allegations included both express and implied warranties, the Court relied upon the express warranty. "Given the nature of the transaction and the expectations of the parties, the absence of a direct contractual relationship should not preclude Spring Motors from asserting a cause of action for breach of **express warranty** against Clark." Id. at 677 (emphasis added).

In decisions subsequent to Spring Motors which addressed implied warranties, the Courts' decisions were different. Indeed in Green v. Green Mountain Coffee Roasters, Inc., 279 F.R.D. 275 (D.N.J. 2011), consumers alleged breach of an implied warranty alleging defective single cup brewing system. The Court noted that an implied warranty of merchantability "does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." Id. at 282 (citation omitted). The Court then stated that in order to determine if there was a breach of the implied warranty of merchantability, it would have to determine if there was a defect which would require individual determination of each class member's brewer. Id. at 285.

The Court in Herbstman v. Eastman Kodak Company, 68 N.J. 1, 8 (1975), addressed an implied warranty of merchantability and reasonable fitness for purpose and in so doing noted "the Code contemplates[s] that the defect or condition which causes nonmerchantability or nonfitness existed at the time the seller transferred the product." Indeed the Code references by Viscofan Collagen refer to provisions which address the condition existed at the time of transfer. The Judgments in Spain determined there was no evidence of defect at the time of transfer.

In another decision after Spring Motors, namely Lieberson v. Johnson & Johnson Consumer Companies, Inc., 865 F.Supp.2d 529 (D.N.J. 2011), the Court addressed claims under the implied warranty of merchantability.

> "'Merchantability' requires that a product conform to its ordinary and intended use." . . "In order for the implied warranty of merchantability to be breached, the product at issue must have been defective or not fit for the ordinary purpose for which it was intended." . . . "The implied warranty of merchantability does not 'impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality.'" . . . Indeed, the warranty of merchantability "simply means that the thing sold is reasonably fit for the general purpose for which it was manufactured and sold.'" . . .Courts typically find goods to be unfit for their ordinary purposes "when they can identify one of three general types of defects: manufacturing defects, design defects, and failure to give the buyer proper instructions with respect to the goods." . . . (citations omitted).

In concluding that the product at issue in the case was fit for the ordinary purpose, the Court cited to other decisions as follows:

> *Laney v. American Standard Companies, Inc., 2010 WL 3810637, at \*11 (D.N.J. Sept. 23, 2010)* (in dismissing Plaintiff's implied warranty of merchantability claim, the court found that although some of the toilets at issue leaked, the "facts do not demonstrate that Laney's toilets were unfit for their 'ordinary purpose,' which is to discard waste into the sewer or septic system."); *Sheris v. Nissan N.*

> *Am. Inc., 2008 WL 2354908, at &5-6 (D.N.J. Jun. 3, 2008)* (in finding that the allegedly defective vehicle was "merchantable," court concluded that, despite the plaintiff's allegation that the brake pads were not of the quality required at the time of purchase and the defendant had knowledge of such a defect, the vehicle's ordinary purpose was to provide safe transportation, which it did at the time of sale); . . .

Lieberson at 544.

The Court in Crozier v. Johnson & Johnson Consumer Companies, Inc., 901 F.Supp.2d 494 (D.N.J. 2012), alleged a violation of the implied warranties of merchantability and fitness. In so doing, the Court stated "[t]o establish a breach of either warranty, Plaintiffs 'must show that the equipment they purchased from defendant was defective.'" Id. at 509 (citing to Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102, 1105 (3d Cir. 1992)).

In the action in Spain, Viscofan Collagen alleged a design flaw in the S-Lone machine caused a high rate of belt breaks as noted in the Reply Declaration of Mr. Zuniga. The Court reviewed that issue and determined that there was no defect established. As noted by the above decisions, for implied warranties under the UCC, some defect must exist. Since that decision was already made by the Court in Spain, i.e., there was no defect established, the claims for breach of the implied warranties must be dismissed.

## **CONCLUSION**

Based upon the foregoing, together with Sayer Technologies, S.L.'s initial Memorandum of Law, Plaintiff respectfully requests that its motion for summary judgment dismissing the Counterclaims alleged by Defendant, Viscofan Collagen USA, Inc., be granted in its entirety, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WEIR LAW FIRM, LLC
Attorneys for Plaintiff

Dated: December 10, 2024

By: _____
Bonnie M. Weir